IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JONATHAN KEOLA NAMAUU,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF PUBLIC SAFETY, STATE OF HAWAII, ET AL.,<br><br>Defendants. | CIV. NO. 18-00062 JMS-RLP<br><br>ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND (3) DENYING MOTION FOR APPOINTMENT OF COUNSEL |

**ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND (3) DENYING MOTION FOR APPOINTMENT OF COUNSEL**

**I.  INTRODUCTION**

On February 15, 2018, pro se Plaintiff Jonathan Keola Namauu ("Plaintiff") filed a civil rights Complaint against the State of Hawaii Department of Public Safety ("DPS") and possibly Halawa Correctional Facility ("HCF") (collectively, "Defendants").  ECF No. 1.  Plaintiff also filed an Application to Proceed in forma pauperis ("IFP Application") and a Motion for Appointment of Counsel.  ECF Nos. 3, 4.  Based on the following, the court GRANTS the IFP Application, DISMISSES the Complaint with leave to amend, and DENIES the Motion for Appointment of Counsel.

## II.  DISCUSSION

### A.  Plaintiff's IFP Application is Granted

Plaintiff has made the required showing under 28 U.S.C. § 1915 to proceed without prepayment of fees.  Therefore, the court GRANTS Plaintiff's IFP Application.

### B.  Plaintiff's Complaint is Dismissed for Failure to State a Claim

#### 1.  *The Complaint*

The Complaint alleges that while incarcerated at HCF, Plaintiff suffered three strokes, one each year from 2010 to 2012.  Compl. ¶¶ III.B., C.  The Complaint further alleges that DPS/HCF was deliberately indifferent to Plaintiff's health needs by failing to have a "full function of medical staff" that could provide adequate follow-up care.  *Id.* ¶¶ III.A., C.  More specifically, the Complaint alleges that DPS did not have enough staff at HCF to take him to outpatient care.  *Id.* ¶ III.C.  Somewhat confusingly, the Complaint further alleges that "no one else was involved, 911 medical staff, as well as two therapist[s] in 2016 [where] one therapist had spoken state ain't paying his fees so he left, then a lady therapist came after several months gone by, and she [referred] me to therapy" elsewhere. *Id.*

As a result, Plaintiff's left hand does not function properly. *Id.*

Plaintiff cannot open his left hand, and he was told that because so much time has

passed without "after care or treatments," his fingers may never open unless he has

surgery to cut tendons. *Id.* Plaintiff alleges that he exhausted the grievance

process. *Id.* ¶¶ III.C., IV.

Plaintiff filed the instant Complaint asserting a claim under 42 U.S.C.

§ 1983 for violation of his Eighth Amendment right to adequate medical care while

incarcerated. From the face of the Complaint, it appears that Plaintiff is no longer

in custody. The Complaint seeks compensatory damages for his injury, pain and

suffering, and lost wages. *Id.* ¶ V.

## 2. *Standards of Review*

The court must subject each civil action commenced pursuant to 28

U.S.C. § 1915(a) to mandatory screening and order the dismissal of any claims it

finds "frivolous, malicious, failing to state a claim upon which relief may be

granted, or seeking monetary relief from a defendant immune from such relief."

28 U.S.C. § 1915(e)(2)(B); *see, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.

2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are

not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering whether a complaint fails to state a claim, the court must set conclusory factual allegations aside, accept non-conclusory factual allegations as true, and determine whether these allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. *See UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

### 3. *Application of Standards to the Complaint*

#### a. *Eleventh Amendment immunity*

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholeilei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).

Defendants named in their official capacities are subject to suit under § 1983 only

"for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing

violation of federal law."  *Oyama v. Univ. of Haw*., 2013 WL 1767710, at *7 (D.

Haw. Apr. 23, 2013) (*quoting Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir.

2005), *abrogated on other grounds by Levin v. Commerce Energy Inc*., 560 U.S.

413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71

(1989) ("[A] suit against a state official in his or her official capacity is not a suit

against the official but rather is a suit against the official's office."); *Ex parte*

*Young*, 209 U.S. 123 (1908).

Moreover, claims under § 1983 must be directed at "persons," and

neither a state agency nor a prison facility is a "person" amenable to suit under

§ 1983.  *See Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009)

(holding California Department of Corrections and Board of Prison Terms are

entitled to Eleventh Amendment immunity); *Maldonado v. Harris*, 370 F.3d 945,

951 (9th Cir. 2004) (citing *Will*, 491 U.S. at 70); *Allison v. Cal. Adult Auth.*, 419

F.2d 822, 823 (9th Cir. 1969) (finding that San Quentin Prison is not a "person"

subject to suit under § 1983).

Here, neither DPS nor HCF is a person subject to suit under § 1983.

Thus, Plaintiff's claim against DPS and/or HCF is DISMISSED with prejudice.

*b. Eighth Amendment deliberate indifference claim*

Moreover, the Complaint fails to state a claim. The Eighth Amendment's Cruel and Unusual Punishment Clause obligates the government to "provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To succeed on an Eighth Amendment claim for the delay or denial of medical care, a plaintiff must make (1) an objective showing of a serious medical need, and (2) a subjective showing that a specific defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A defendant must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the defendant must draw that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "In other words, the official must demonstrate a *subjective awareness* of the risk of harm." *Castro v. Cty. of L.A.*, 833 F.3d 1060, 1068 (9th Cir. 2016) (internal citation omitted). "[A]n inadvertent [or negligent] failure to provide adequate medical care" is insufficient to establish a constitutional violation. *Estelle*, 429 U.S. at 105-06.

Here, the Complaint fails to allege sufficient facts to state a claim and to comply with Rule 8. First, the Complaint fails to name as a defendant an actual person who demonstrated the required deliberate indifference to Plaintiff's serious

medical needs.  At best, the Complaint alleges that one or two unnamed therapists

did not treat Plaintiff and told Plaintiff that HCF lacked sufficient medical

personnel to treat Plaintiff and/or take him to appropriate treatment.  *See* Compl.

¶ III.C.  But the Complaint fails to provide details about who on HCF's medical

staff made these statements and when they were made.  Nor does the Complaint

allege that any particular HCF medical personnel knew that a failure to provide

follow-up care would result in the injury to Plaintiff's hand.  Thus, the Complaint

fails to state a claim for violation of Plaintiff's Eighth Amendment rights.

> c. *Statute of limitations*

Furthermore, federal courts apply the forum state's statute of

limitations and its tolling provisions for personal injury tort actions to claims under

§ 1983.  *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superseded by statute on*

*other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-

78 (2004); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).  Thus, Hawaii's

two-year statute of limitations applies to § 1983 claims.  *See Beckstrand v. Read*,

680 F. App'x 609, 610 (9th Cir. Mar. 13, 2017) (citing HRS § 657-7 ("Actions for

the recovery of compensation for damage or injury to persons . . . shall be

instituted within two years after the cause of action accrued[.]")).  As a result,

Plaintiff's claims are subject to the two-year statute of limitations set forth in HRS § 657-7.

Plaintiff's incarceration during the events at issue in this case does not toll the statute of limitations. Although HRS § 657-13(1) tolls the statute of limitation for imprisonment for certain circumstances, it does not apply where the action is brought against "the sheriff, chief of police, or other officers." The DPS and its officers fall within this exclusion. HRS § 26-14.6(f), the statute creating the DPS, states that the "functions, authority, and obligations, . . . and the privileges and immunities conferred thereby, exercised by a 'sheriff' . . . shall be exercised to the same extent by the department of public safety." In other words, any statute that applies to the sheriff, chief of police, or other officers, conferring either duties or immunities upon them, or, as in this case, exempting them from application of a statute, applies equally to the DPS and its employees. As a result, Plaintiff's § 1983 claim is not tolled by HRS § 657-13. *See Coles v. Eagle*, 2014 WL 2214046, at *4 (D. Haw. May 27, 2014) ("This district court has ruled that, pursuant to the 'sheriff' exception, § 657-13 tolling does not apply to the State of Hawaii Department of Public Safety or its employees." (citations omitted)); *see also Rodenhurst v. Hawaii*, 2010 WL 1783568, at *3 (D. Haw. Apr. 29, 2010)

(citing *Samonte v. Sandin*, 2007 WL 461311, at \*4 (D. Haw. Feb. 07, 2007) (determining that § 657-13 does not apply to the DPS)).

It appears on the face of the Complaint that Plaintiff's claim is time-barred. The Complaint alleges that Plaintiff suffered strokes in 2010, 2011, and 2012 and that Defendant failed to provide adequate medical care following those strokes. Plaintiff filed his Complaint in February 2018, six years after the last stroke. The Complaint makes a vague reference to comments made by therapists in 2016, but it is not at all clear whether those comments and alleged continuing lack of treatment constitute a new injury that is not barred by the two-year statute of limitations.

## C.     Leave to Amend

The court grants Plaintiff leave to amend his Complaint to attempt to state a § 1983 claim, if possible, against DPS and/or HCF officials in their individual capacities by May 10, 2018. Plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Hawaii if he amends his Complaint. And the amended complaint must be designated as a "First Amended Complaint."

If Plaintiff chooses to file a First Amended Complaint, he must write short, plain statements telling the court: (1) the treaty, constitutional right, or

statutory right he believes was violated; (2) the specific basis of this court's

jurisdiction; (3) the name of the defendant who violated that right or statute;

(4) exactly what that defendant did or failed to do; (5) how the action or inaction of

that defendant is connected to the violation of a particular statute or Plaintiff's

rights; and (6) what specific injury Plaintiff suffered because of that defendant's

conduct.

An amended complaint generally supersedes prior complaints. *See*

*Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). The

court will not refer to the original complaint to make an amended complaint

complete, although it will not ignore contradictory statements of fact between an

original and amended complaint. Local Rule 10.3 requires that an amended

complaint be complete in itself without reference to any prior pleading.

Defendants not named in the caption, and claims dismissed without prejudice that

are not realleged in an amended complaint may be deemed voluntarily dismissed.

*See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc)

("[C]laims dismissed with prejudice [need not] . . . be repled in a[n] amended

complaint to preserve them for appeal . . . [b]ut . . . claims [that are] voluntarily

dismissed [are] . . . waived if not repled."). And Plaintiff may include only one

claim per count.

**D.     Plaintiff's Motion for Appointment of Counsel is Denied**

Plaintiff seeks appointed counsel to assist him with this action. Plaintiff states that his claim is meritorious and that he is "unable to find an attorney willing to represent [him] on terms that [he] can afford." Mot. at 1, ECF No. 4.

Generally, a civil litigant has no right to counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). However, pursuant to 28 U.S.C. § 1915(e)(1), the court "may under 'exceptional circumstances' appoint counsel for indigent civil litigants." *Id.*; *see also Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) ("The decision to appoint such counsel is . . . granted only in exceptional circumstances."). In determining whether "exceptional circumstances" exist, the court must consider a litigant's "'likelihood of success on the merits as well as the [litigant's] ability . . . to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Difficulties that any litigant proceeding pro se would face "'do not indicate exceptional factors.'" *Johnson v. Young*, 2016 WL 923094, at *2 (D. Nev. Mar. 10, 2016) (quoting *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990)).

Here, Plaintiff has not demonstrated "exceptional circumstances." Although Plaintiff may have difficulty articulating his claim pro se, he is highly unlikely to succeed on the merits of his § 1983 claim. Plaintiff's claim appears to be time-barred. Even if Plaintiff could overcome the statute of limitations bar, he has not identified a proper individual defendant or alleged facts sufficient to state a § 1983 claim for violation of his Eighth Amendment rights. Thus, the Motion for Appointment of Counsel is DENIED.

### III. CONCLUSION

Based on the foregoing, Plaintiff's IFP Application is GRANTED, his Complaint is DISMISSED, and his Motion for Appointment of Counsel is DENIED. Plaintiff's § 1983 claim against DPS and/or HCF is DISMISSED with prejudice. Plaintiff may file a First Amended Complaint against DPS and/or HCF officials individually, as set forth above, by May 10, 2018. Failure to timely file a

///

///

///

///

///

First Amended Complaint will result in dismissal of this action with prejudice for

failure to state a claim.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 10, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Namauu v. Dep't of Pub. Safety*, Civ. No. 18-00062 JMS-RLP, Order (1) Granting Application to
Proceed In Forma Pauperis, (2) Dismissing Complaint With Leave to Amend, and
(3) Denying Motion for Appointment of Counsel